

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. R. S. Wyche
County Auditor
Gregg County
Longview, Texas

Dear Sir:

Opinion No. O-1628
Re: (1) In a "salary" county out of what fund
should the salary of the county treasur-
er be paid?
(2) The method of issuance of the salary
warrant to the county treasurer.

Your letter of recent date, relating to the above
matters, has been received.

Your letter, in part, reads as follows:

"The Commissioners' Court set the County
Treasurer's compensation in the Officers' Salary
Fund at $225.00 per month. A question has arisen
as to whether or not the compensation for the
County Treasurer should be set up on a percent-
age basis for each of the funds, or whether it
should be set up in the budget against a single
fund. There are several court decisions that
hold that the County Treasurer's compensation
is not a salary but that he received a certain
compensation based upon disbursements and re-
ceipts. Our valuation according to the last tax
roll was slightly in excess of One-hundred and
six million, and our population according to the
last Federal census is 15,778.

"Please inform me how the compensation of
the Treasurer should be set up and how he should
be paid. Does he have authority to draw his own
pay from whatever fund he may desire, or does

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

the County Clerk issue him a warrant as other
officers are paid?"

We note from your communication that the compen-
sation of the county officers of Gregg County has been
provided for on a salary basis, presumably in accordance
with Section 15 of Article 3912e, Vernon's Annotated Civil
Statutes of Texas.

Section 3 of Article 3912e, supra, reads as fol-
lows:

"In all cases where the Commissioners' Court
shall have determined that county officers or
precinct officers in such county shall be com-
pensated for their services by the payment of an
annual salary, neither the State of Texas nor
any county shall be charged with or pay to any
of the officers so compensated, any fee or com-
mission for the performance of any or all of the
duties of their offices but such officers shall
receive said salary in lieu of all other fees,
commissions or compensation which they would
otherwise be authorized to retain; provided, how-
ever, that the assessor and collector of taxes
shall continue to collect and retain for the
benefit of the Officers' Salary Fund or funds
hereinafter provided for all fees and commissions
which he is authorized under law to collect; and
it shall be his duty to account for and to pay
all such monies received by him into the fund
created and provided for under the provisions of
this Act; provided further, that the provisions
of this Section shall not affect the payment of
costs in civil cases by the State but all such
costs so paid shall be accounted for by the of-
ficers collecting the same, as they are required
under the provisions of this Act to account for
fees, commissions and costs collected from pri-
vate parties."

Under this statute, neither the state of Texas
nor any county shall be charged with or pay to any of the
officers so compensated on a salary basis, any fee or com-
mission for the performance of any or all of the duties

Hon. R. S. Wyche, page 3

of their offices, save only the tax assessor and collect-
or who shall continue to collect and retain for the bene-
fit of the Officers' Salary Fund or funds provided for in
the Act, all fees and commissions which he is authorized
under the law to collect. 'The only fees, commissions and
costs which the officers of the county, save only the tax
assessor and collector, are authorized by law to collect,
are those fees, commissions and costs that private parties
are required to pay under the law, and costs in civil cases
by the state.

Accordingly, the commissions which the county
treasurer would be authorized, otherwise, to receive on
monies of the county received and disbursed by him, under
Articles 3941-3943 inclusive, Revised Statutes of Texas,
may no longer be collected against the county. To allow
such collections would do violence to Section 3 of Arti-
cle 3912e, supra, in that the county would thereby be
charged with and pay such commissions for the performance
by the county treasurer of his official duties.

This matter was exhaustively discussed by this
department in opinion No. O-807, addressed to Mr. L. P.
Heard, County Auditor, Bell County, Belton, Texas. We are
enclosing, herewith, a copy of this opinion for your fur-
ther information.

You are, therefore, respectfully advised that it
is the opinion of this department that the compensation
of the county treasurer, placed by order of the Commission-
ers' Court on a salary basis under Article 3912e, supra,
should be paid out of the Officers' Salary Fund in accord-
ance with Section 4 thereof, which reads:

"In all counties of this State containing
a population of less than one hundred and nine-
ty thousand (190,000) inhabitants according to
the last preceding Federal Census wherein the
county or precinct officers are compensated on
a salary basis under the provisions of this Act,
there shall be created a fund to be known as the
'Officers' Salary Fund of _____ County,
Texas.' Such fund shall be kept separate and
apart from all other county funds, and shall be
held and disbursed for the purpose of paying the

salaries of officers and the salaries of dep-
uties, assistants and clerks of officers who
are drawing a salary from said fund under the
provisions of this Act, and to pay the author-
ized expenses of their offices. Such fund
shall be deposited in the county depository and
shall be protected to the same extent as other
county funds."

In answer to your second question, it is the
opinion of this department that the salary warrant of the
county treasurer should be issued in the same manner as
the salary warrants of the other officers of the county,
as set out in Section 7 of Article 3912e, supra, which
provides:

"All monies drawn from said Officers' Sal-
ary Fund or funds shall be paid out only on
warrants approved by the county auditor in coun-
ties having a county auditor; otherwise all
claims against said fund shall first have been
audited and approved by the Commissioners' Court
of said county and the monies shall be disbursed
on such approved claims by warrants drawn by the
county treasurer on said fund.

" * * *"

We trust this answers your inquiries satisfactor-
ily, and we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED NOV 15, 1939
(s)
Gerald C. Mann                          By
ATTORNEY GENERAL OF TEXAS
                                                Wm. J. Fanning
                                                    Assistant


                                        By
ZCS:ob                                          Zollie C. Steakley
Encl.               APPROVED
                opinion committee
                  By  BWB
                    chairman